CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR -5 2019

JULIA C. DUDLEY, CLERK
BY: /s/ OGaggle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

WILLIAM LEE GRANT, II,  )
  )
   Plaintiff  )
  )  Civil Action No. 5:19-CV-24
v.  )
  )  By: Hon. Michael F. Urbanski
AUSA GREGORY K. HARRIS, et al.,  )  Chief United States District Judge
  )
   Defendants.  )

## MEMORANDUM OPINION

Proceeding pro se, plaintiff William Lee Grant, II, filed the instant complaint against Assistant United States Attorney Gregory K. Harris and the United States Department of Defense, seeking leave to proceed in forma pauperis. For the reasons set forth below, Grant's application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Grant initially asks a series of questions in his complaint, such as "What are the ramifications of the United States Department of Defense running a domestic black operation to instigate corruption in the federal government?" and "Where shall Marion "Suge" Knight stand trial for the murder of Christopher "Biggie Smalls" Wallace?" He next alleges that the Joint Chiefs of Staff created him (Grant) in the basement of the Pentagon in 1990 to be "The Judge" as to whether the Vietnam War constituted war crimes. He also complains about being retaliated against for filing a civil rights action in 2012, and being forced to spend seven years as a homosexual. In total, he makes fifty-four disjointed and fantastic factual allegations and

1

seeks monetary damages in the amount of $99 trillion.

## II.

Grant moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant his motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

While the court construes pro se filings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), Grant's complaint states no recognizable causes of action. Rather, it describes "fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Nietzke v. Williams, 490 U.S. 319, 328 (1989). Moreover, Grant has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country. See Grant v. United States Department of the Treasury, No. 6:18-CV-291, 2018 WL 3748415 (E.D. Tex. 2018) (dismissing complaint as barred by res judicata and as frivolous, and noting that Grant had filed at least seventeen complaints in various district courts making similar allegations related to a hostile work environment claim).

## III.

For the reasons set forth above, Grant's application to proceed in forma pauperis is **GRANTED** and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). This matter is **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: 04-05-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge